UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VANDY JOHNSTON                                CIVIL ACTION

VERSUS                                        NO: 04-1411

PRIDE OFFSHORE, INC., ET AL                   SECTION: R(5)

**ORDER AND REASONS**

This is an action for an injury allegedly sustained while plaintiff was working on a drilling platform owned by defendant Stone Energy Corporation ("Stone"). Before the Court a motion for summary judgment by defendant Danos and Curole Marine Contractors, Inc. ("Danos and Curole"). For the following reasons, the Court GRANTS defendant's motion for summary judgment.

**I. BACKGROUND**

On May 9, 2004, Vandy Johnston, an employee of TCB Industries (TCB), accidentally slipped and fell while working on the Main Pass 288 platform owned by Stone. At the time he

slipped, Johnston was using a wrench to loosen nuts on a gas compressor he was servicing.  Johnston fell onto the right side of his lower back and stomach, and began complaining of breathing difficulty.

On May 17, 2004, Johnson sued Stone, the platform's owner, and Pride Offshore, Inc., the owner of a drilling rig operating over the platform.  According to Johnston, it was through the negligence of the defendants that water, mud and antifreeze leaked onto the platform, causing him to slip.   On June 20, 2005, Johnston added Danos and Curole, employer of a single contract hand on the Main Pass 288 platform, as a defendant.  Johnston asserts that a Danos and Curole employee was responsible for bleeding the production lines that spilled water and antifreeze into his work area.  Had the employee bled the lines properly, the water and antifreeze would not have leaked onto the platform.

On May 15, 2006 and then again on June 16, 2006, Danos and Curole moved for summary judgment.  Danos and Curole argues that its employee was not responsible for the leakage of water and antifreeze onto the deck.  In support of its motion, Danos and Curole offers the deposition testimony of TCB employee, John Schexnaider, who worked with Johnston at the time of the incident.  Schexnaider stated that a "production hand" told him

that there was nothing in the pipes on which he and Johnston were working. (R. Doc. 93-3, Ex. B, p. 64). It was these pipes that eventually leaked onto the platform. *Id.* Danos and Curole also submitted an affidavit by Jimmie Bourgeois, Jr., the contract worker employed by Danos and Curole at the Main Pass 288 platform at the time of the incident. Bourgeois stated that he operated the crane on Stone's Main Pass 288 platform on the date of the incident. He further averred as follows: "I did not fill the compressors or their lines with antifreeze, nor did I tell anyone I would bleed the compressors and/or their lines of antifreeze before Mr. Johnston's accident. Further I was not requested by anybody to undertake this task and did not perform this task." (R. Doc. 96-4, Ex. C) ("Bourgeois Affid.").

Neither Johnston nor any of the other defendants has opposed the two motions for summary judgment.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for

the nonmoving party.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish that a genuine issue exists for trial.  *See Id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).  The Fifth Circuit has held that courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

**B. Application**

The facts asserted in the motion for summary judgment are uncontroverted. Thus, it is established that Danos and Curole's contract employee, Jimmie Bourgeois, worked as a crane operator at the time of the incident, and he did not fill or bleed the pipe line in question. Nor was bleeding the lines his responsibility. Bourgeois was the only Danos and Curole employee who worked on the platform on May 9, 2004. As Johnston's claim against Danos and Curole is based on its alleged failure to bleed the line, the absence of evidence to support that claim means that Danos and Curole is entitled to summary judgment.

**IV. CONCLUSION**

For the foregoing reasons, IT IS ORDERED that defendant Danos and Curole's motion for summary judgment be GRANTED.

New Orleans, Louisiana, this <u>2nd</u> day of August 2006.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE